UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

ALEXANDER HORVATH,

    Plaintiff,

  -against-

THE CITY OF NEW YORK, BY DETECTIVE
LUCIOUS JOHNSON, SHIELD # 4049 AND
DETECTIVE MIKE CIVIL, SHIELD # 2144,
POLICE OFFICERS JANE/JOHN DOE(S) #'S 1-10,
70TH PRECINCT,

    Defendants.
——————————————————————X

**COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

DEARIE, J.

    PLAINTIFF ALEXANDER HORVATH, by his attorney DAVID A. ZELMAN, ESQ., for his COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which PLAINTIFF ALEXANDER HORVATH (hereinafter "HORVATH") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about May 15, 2012, at approximately 11:00 P.M., at or near the 70th Precinct, 154 Lawrence Avenue, Brooklyn, N.Y, Brooklyn, New York, HORVATH was falsely arrested by Defendants, including, but not limited to, DETECTIVE LUCIOUS JOHNSON, SHIELD # 4049 AND DETECTIVE MIKE CIVIL, SHIELD # 2144, POLICE OFFICERS JANE/JOHN DOE(S) #'S 1-10, 70TH PRECINCT (hereinafter "Defendants"). It is alleged that Defendants falsely arrested HORVATH in violation of his constitutional rights. While in custody HORVATH was unlawfully detained for approximately 66 hours. It is further alleged

that HORVATH was severely beaten by Defendants while at the police precinct. As a result of the excessive force used by Defendants, HORVATH suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. HORVATH at all times relevant hereto resided in Kings County. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

4. Defendant DETECTIVE LUCIOUS JOHNSON, SHIELD # 4049 (hereinafter " JOHNSON") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

5. Defendant DETECTIVE MIKE CIVIL, SHIELD # 2144 (hereinafter " CIVIL") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6. Defendants POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-10 (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

7. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

8. On or about May 15, 2012, at approximately 11 P.M., HORVATH went to the 70th precinct with a Kismet Hodja. She wanted to give quarters to her boyfriend who was in custody at the time at the 70th precinct.

9. Officers at the precinct refused to allow Hodja and plaintiff to give quarters to Hodja's boyfriend. At some point, officers demanded that Hodja and HORVATH leave the precinct, which they did.

10. Officers rushed out of the precinct and arrested HORVATH with excessive force near the precinct.

11. Soon thereafter, Hodja was also arrested.

12. HORVATH was subjected to excessive force inside of the precinct.

13. Due to injuries sustained by the officers' assault, plaintiff suffered a fractured right ulna as well as severe facial bruising. Plaintiff was transported to Coney Island Hospital

while in custody. Subsequent to plaintiff's release, plaintiff was hospitalized following the incident at New York Community Hospital in Brooklyn, NY.

14. HORVATH was charged with assault in the second degree (P.L. §120.05(3)) and assault in the third degree (P.L. §120.00(1)).

15. All charges against HORVATH were dismissed on July 9, 2012.

16. HORVATH was detained for approximately 66 hours before arraignment.

17. That heretofore and on or about the 3rd[th] day of August, 2012, HORVATH's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of HORVATH, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

19. Paragraphs 1 through 18 of this complaint are hereby realleged and incorporated by reference herein.

20. That Defendants had neither valid evidence for the arrest of HORVATH nor legal cause or excuse to seize and detain him for approximately three days.

21. That in detaining HORVATH for approximately 66 hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or

local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. HORVATH was but one of those persons.

22. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

23. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

24. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of HORVATH's rights alleged herein.

25. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of HORVATH's rights, subjected HORVATH to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

26. By reason of the foregoing, HORVATH suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

27. Paragraphs 1 through 26 are hereby realleged and incorporated by reference herein.

28. That the seizure, detention and imprisonment of HORVATH was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

29. That Defendants intended to confine HORVATH.

30. That HORVATH was conscious of the confinement and did not consent to it.

31. That the confinement was not otherwise privileged.

32. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of HORVATH's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

33. That by reason of the foregoing, HORVATH suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

34. Paragraphs 1 through 33 are hereby realleged and incorporated by reference herein.

35. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

36. That Defendants had no legal cause or reason to use excessive force in effectuating HORVATH's arrest or after HORVATH was arrested and in custody.

37. That Defendants violated HORVATH's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

38. That at the time of the arrest or while in custody, HORVATH did not pose a threat to the safety of the arresting officers.

39. That HORVATH was not actively resisting arrest or attempting to evade arrest.

40. That defendant CITY, through its officers, agents, and employees, unlawfully subjected HORVATH to excessive force while effectuating his arrest.

41. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

42. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of HORVATH's rights, subjected HORVATH to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

43. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of HORVATH's civil rights, including but not limited to the right to be free from the application of excessive force.

44. That upon information and belief, in 2012, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

45. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and

employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

46. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of HORVATH's rights alleged herein.

48. By reason of the foregoing, HORVATH suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

49. Paragraphs 1 through 48 are hereby realleged and incorporated by reference herein.

50. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

51. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

52. That Defendants had no legal cause or reason to use excessive force in effectuating HORVATH's arrest or after HORVATH was arrested and in custody.

53. That at the time of the arrest, HORVATH did not pose a threat to the safety of the arresting officers.

54. That HORVATH was not actively resisting arrest or attempting to evade arrest.

55. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

56. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of HORVATH's rights, subjected HORVATH to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

57. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of HORVATH's civil rights, including but not limited to the right to be free from the application of excessive force.

58. By reason of the foregoing, HORVATH suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

59. Paragraphs 1 through 58 are hereby realleged and incorporated by reference herein.

60. That Defendants with malicious intent, arrested HORVATH and initiated a criminal proceeding despite the knowledge that HORVATH had committed no crime.

61. That all charges against HORVATH were terminated in his favor.

62. That there was no probable cause for the arrest and criminal proceeding.

63. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of HORVATH's rights, deprived HORVATH of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in

9

violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

64. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, HORVATH was maliciously prosecuted despite the fact that he had committed no violation of the law..

65. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

66. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

67. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of HORVATH's rights alleged herein.

68. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

69. That upon information and belief, in 2012, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

70. That by reason of the foregoing, HORVATH suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

71. Paragraphs 1 through 70 are hereby realleged and incorporated by reference herein.

72. That Defendants acted with malicious intent, arrested HORVATH and initiated a criminal proceeding despite the knowledge that HORVATH had committed no crime.

73. That felony charge against HORVATH was terminated in his favor and the several remaining charges are still pending.

74. That there was no probable cause for the arrest and criminal proceeding.

75. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of HORVATH's rights, deprived HORVATH of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

76. That by reason of the foregoing, HORVATH suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

77. Paragraphs 1 through 76 are hereby realleged and incorporated by reference herein.

78. That Defendant CITY had no legal cause nor excuse to detain HORVATH for a prolonged period prior to arraignment.

79. That Defendant CITY detained HORVATH excessively prior to arraignment in violation of HORVATH's civil rights.

80. That Defendant CITY should have expeditiously investigated this matter and released HORVATH.

81. By reason of Defendant's acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of HORVATH's rights, deprived HORVATH of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

82. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

83. That upon information and belief, in 2012, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

84. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

85. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly

monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

86. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of HORVATH's rights alleged herein.

87. That Defendant, through its officers, agents and employees, unlawfully incarcerated HORVATH for an excessive period of time prior to arraignment.

88. By reason of the foregoing, HORVATH suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

89. Paragraphs 1 through 88 are hereby realleged and incorporated by reference herein.

90. Defendants negligently and/or intentionally failed to arraign plaintiff promptly following his arrest as required by New York State and Federal laws, rules, regulations and statutes.

91. Said failure to promptly arraign plaintiff caused his arrest to be void ab initio.

92. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XIII. NINTH CAUSE OF ACTION
Pursuant to § 1983 (Denial of Medical Treatment)

93. Paragraphs 1 through 92 are hereby realleged and incorporated by reference herein.

94. HORVATH, while detained in Defendants' custody prior to trial was denied access to medical care needed to remedy a serious medical condition.

95. Defendants failed to provide needed medical care to HORVATH because of deliberate indifference to HORVATH's need therefor.

96. By reason of Defendant's acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of HORVATH's rights, deprived HORVATH of his liberty when it denied him medical care while HORVATH was in its custody, in violation of his due process rights pursuant to the Fourteenth Amendment of the United States Constitution and the laws of the State of New York.

97. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

98. That upon information and belief, in 2012, Defendant CITY had a policy or routine practice of denying medical care to pre-trial detainees in its custody.

99. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

100. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

101. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of HORVATH's rights alleged herein.

102. That Defendant, through its officers, agents and employees, unlawfully denied HORVATH medical care while he was in its custody.

103. By reason of the foregoing, HORVATH suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### XIV. TENTH CAUSE OF ACTION
Pursuant to State Law (Assault and Battery)

104. Paragraphs 1 through 103 are hereby realleged and incorporated by reference herein.

105. That on May 15, 2012, in and near the 70th precinct, Defendants assaulted, battered, beat, kicked, hit, threatened, attacked, thrashed, stomped on, shoved and pushed HORVATH, thereby causing him to sustain severe and permanent injuries.

106. That the aforesaid conduct by Defendants was without the consent of HORVATH.

107. That the aforesaid conduct by Defendants was offensive in nature.

108. That the aforesaid conduct by Defendants was intentional.

109. That the aforesaid conduct by Defendants was with the intent of cause physical, emotional and/or psychological harm and/or injury to HORVATH.

110. That the aforesaid conduct by Defendants placed HORVATH in imminent apprehension of harmful contact.

111. That the aforesaid occurrence and resulting injuries to HORVATH was due to the willful, wanton, intentional, reckless and/or malicious conduct of Defendants.

112. That the aforesaid occurrence and resulting injuries to HORVATH was due to the conduct of Defendants and reflects utter indifference to the safety of others and specifically the safety of HORVATH.

113. That the aforesaid occurrence and resulting injuries to HORVATH was due to the conduct of Defendants and reflects a conscious disregard of the safety of others and specifically the safety of HORVATH.

114. That the aforesaid occurrence and resulting injuries to HORVATH was due to the conduct of Defendants and reflects a reckless disregard for human life and safety and specifically the life and safety of HORVATH.

115. That as a result of the foregoing, HORVATH was rendered sick, sore lame and disabled; sustained severe and painful personal injuries; sustained severe nervous shock, mental anguish and great physical pain; was confined to bed and home for a long period of time; was compelled to undergo hospital and medical aid, treatment and attention; has suffered loss of enjoyment of life; was prevented from engaging in his usual occupation for a long period of time; and since some of his injuries are of a permanent nature, he will continue to suffer similar damages in the future.

### XIII. ELEVENTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

116. Paragraphs 1 through 115 are hereby realleged and incorporated by reference herein.

117. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

118. That at all times Defendants were acting within the scope of their employment.

119. That Defendant CITY was able to exercise control over Defendants activities.

120. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, HORVATH suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, HORVATH has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, HORVATH respectfully requests that judgment be entered:

1. Awarding HORVATH compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding HORVATH punitive damages in an amount to be determined by a jury;

3. Awarding HORVATH interest from May 15, 2012 and

4. Awarding HORVATH reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
November 27, 2012

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072